IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICHOLAS N. RADOCESKY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 08-cv-01983 |
| | : | |
| HONORABLE JAMES M. MUNLEY, | : | JUDGE VANASKIE |
| | : | |
| Defendant, | : | |

MEMORANDUM AND ORDER

December 2, 2008

On October 31, 2008, Plaintiff Nicholas N. Radocesky, proceeding pro se, filed this

action against the Honorable James M. Munley, alleging violations of the Code of Conduct for

Judges and the United States Constitution.  (Dkt. Entry 1.)  Along with his Complaint, Plaintiff

filed a Motion to Proceed in Forma Pauperis.  (Dkt. Entry 2.)  Later, on November 12, 2008,

Plaintiff filed a Motion to Change Venue and Appointment of Counsel (Dkt. Entry 4), as well as

a Motion for Extension of Time.  (Dkt. Entry 5.)

Although difficult to decipher from the Complaint, it appears that Plaintiff filed this action

as a result of Judge Munley's handling of the case Radocesky v. Harhut, et al., 06-cv-553 (M.D.

Pa.), filed on March 16, 2006.  Plaintiff brought that suit under 42 U.S.C. § 1983, alleging he

was convinced by the Lackawanna County District Attorney's Office and members of the Public

Defender's Office to plead guilty to crimes which he did not commit.  (Compl. at 20.)  Judge

Munley dismissed the action, finding that the defendants could not be subject to suit under 42 U.S.C. § 1983.  (See Memorandum and Order dated June 29, 2006, 06-cv-553, Dkt. Entry 10.) Plaintiff then moved for reconsideration, which Judge Munley denied.  (See Order dated July 17, 2006, 06-cv-553, Dkt. Entry 17.)  Plaintiff appealed, and the Third Circuit Court of Appeals affirmed, finding that Judge Munley's dismissal of the action based on immunities and the absence of state action was proper.  See Radocesky v. Munley, 247 F. App'x 363 (3d Cir. 2007); 06-cv-553, Dkt. Entries 24 & 25.  Plaintiff then petitioned for a panel rehearing of the case, but was denied.  (Compl. at 32-33.)

Plaintiff claims that, throughout this process, he was never afforded the opportunity to receive a fair and impartial hearing because of Judge Munley's alleged misconduct.  (Compl. at 4.)  Plaintiff was allegedly victimized, subject to cruel and unusual punishment, and subject to abuse of judicial process by being denied access to the Third Circuit Court of Appeals by intentional deception.  (Compl. at 6.)  Plaintiff further claims that his civil rights were violated and he was subjected to incarceration without bond.  Judge Munley is alleged to have willfully violated the United States Judicial Code of Conduct and failed to address Plaintiff's claim.[1]

---

[1]Plaintiff also expresses concerns about the judiciary as a whole in Scranton, Pennsylvania:  "I Nicholas N. Radocesky am desperately reaching out for assistance in hopes that a legally capable U.S. Citizen or organization will do the right thing and legally assist myself and expose the gross judicial and legal corruption and misconduct throughout Scranton Penn. the 'Electric City.'"  (Compl. at 5.)

(Compl. at 5 & 10.)

Under 28 U.S.C. § 1915(e)(2), a court may dismiss an action if it determines that it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  It is well established that members of the judiciary are entitled to absolute immunity.[2] Pierson v. Ray, 386 U.S. 547, 554 (1967).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.' "  Gallas v. Supreme Court of Pa., 211 F.3d 760, 769 (3d Cir. 2000) (citing Strump v. Spartkman, 435 U.S. 349, 356-57 (1978)).  "Further, immunity will not be lost merely because the judge's action is 'unfair' or controversial."  Id.  (citing Cleavinger v. Saxner, 474 U.S. 193, 199-200 (1985)).

Here, all the allegations in the Complaint relate to actions taken by Judge Munley in his capacity as a judge.  There are no allegations that indicate he acted in the clear absence of jurisdiction.  See Azubuko v. Royal,  443 F.3d 302, 303 (3d Cir. 2006) (affirming the dismissal of plaintiff's civil rights action against a judge because all of the allegations in the complaint related to actions taken in his official capacity as judge and there was no showing that the

---

[2] Judicial immunity "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences."  Pierson v. Ray,  386 U.S. 547, 554 (1967) (internal citations omitted).

actions were taken in clear absence of his jurisdiction).  Nor does it appear that Plaintiff could

allege facts supporting a clear absence of Judge Munley's jurisdiction.  Therefore, dismissal of

this action is appropriate.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1.  Plaintiff's Motion to Proceed in forma pauperis (Dkt. Entry 2) is GRANTED.

2.  Plaintiff's Motion to Change Venue and Appoint Counsel (Dkt. Entry 4) is DENIED.

3.  Plaintiff's Motion for Extension of Time (Dkt. Entry 5) is DISMISSED.

4.  Pursuant to 28 U.S.C. § 1915(e)(2), Plaintiff's action is DISMISSED.

5.  The Clerk of Court is directed to mark this matter CLOSED.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge